1
2
3
4
5
6
IN THE UNITED STATES DISTRICT COURT

7
FOR THE DISTRICT OF ARIZONA

8

9  Tyerel Darnel Luke,                    )        No. CIV 07-1713-PHX-JAT (DKD)
                                          )
10              Petitioner,               )        **REPORT AND RECOMMENDATION**
                                          )
11  vs.                                   )
                                          )
12  Dora B. Schriro, et al.,              )
                                          )
13              Respondents.              )
                                          )
14  _____ )

15  TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

16          Tyerel Darnel Luke filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

17  § 2254 on September 5, 2007, challenging his convictions in Maricopa County Superior

18  Court for the sexual assault and kidnapping of his 11-year-old cousin, and the trial court's

19  imposition of consecutive prison terms totalling 37 years, followed by lifetime community

20  supervision.  He raises five grounds for relief:  (1) trial counsel provided several instances

21  of ineffective assistance; (2) the evidence was insufficient to support his convictions; (3) his

22  constitutional right to confront the witnesses against him was violated when the police

23  coerced the victim into making a telephone call to Luke, portions of which were recorded and

24  introduced against him at trial; (4) his constitutional rights to confront witnesses against him

25  and to testify on his own behalf were violated; and (5) appellate counsel was ineffective

26  (Doc. #1).  Respondents contend that Luke's petition is untimely.  The Court agrees and

27  recommends that the petition be denied and dismissed with prejudice.

28

# FACTS AND PROCEDURAL BACKGROUND

The facts and procedural background are summarized in the court of appeals memorandum decision:

In August 1995, [the victim] was eleven years old and living with her aunt, other family members, and Luke, her fifteen-year-old cousin.  One night Luke, holding a knife, choked, hit and sexually assaulted her on a couch in his bedroom.   As a result of the attack, [the victim] suffered heavy vaginal bleeding for approximately three days, after which her aunt took her to the hospital.

In the emergency room at the hospital, Dr. Stanley Davis concluded that the bleeding was caused by two vaginal lacerations.  Dr. Davis asked [the victim] if "she had been hurt by someone," and she stated that she had been injured by a cousin that lived with her.

The police were summoned and [the victim] told Detective Louis Marathi that Luke had choked and raped her.  After [the victim] made a confrontation call to Luke at the suggestion of Detective Marathi to verify [the victim's] allegations, the police arrested Luke and took him into custody.

Two days after Luke's arrest, [the victim's] aunt signed a consent to search form and the police subsequently searched the house where the incident took place.  [The victim's] aunt located a knife in Luke's bedroom and turned it over to the police.  The officers examined the couch where [the victim] said the attack took place, but did not see any bloodstains on it.  No testing was conducted on the fabric of the couch to determine the presence of blood or whether the couch had been recently washed.

The State filed a complaint in juvenile court charging Luke with either child molestation or sexual assault; kidnaping; and aggravated assault.  The case was transferred to superior court where a jury convicted Luke of sexual assault, kidnaping, and aggravated assault.   He appealed and this court reversed his conviction, holding that the trial court erred in denying his motion for a mistrial because the jury had heard improper and prejudicial testimony. *State v. Luke*, 1 CA-CR 97-0762 (Ariz. App. June 18, 1998) (mem. decision).

In May 2000, Luke was retried and convicted by a jury on charges of sexual assault, aggravated assault and kidnaping.  During the State's rebuttal argument, defense counsel objected to several of the prosecutor's statements.  After rebuttal, defense counsel moved for a mistrial or for dismissal of the charges with prejudice based upon prosecutorial misconduct.  The trial court denied both motions.

Thereafter, Luke moved for a new trial arguing that the State's assertions made during rebuttal constituted improper vouching.  The trial court denied that motion as well.

(Doc. #17, Exh 2 at 2-4).

The court of appeals affirmed his convictions and sentences and the mandate issued on September 5, 2001.

On March 30, 2005, Luke filed a notice of post-conviction relief. On May 13, 2005, the trial court dismissed the notice of post-conviction relief as untimely filed, ruling as follows:

> Defendant filed on March 30, 2005 an untimely Notice of Post-Conviction Relief. He claims that pursuant to Rule 32.1(f), Arizona Rules of Criminal Procedure, he should be allowed to file this untimely notice due to his mental disorder, that he is actually innocent, and that *Blakey v. Washington*, 542 U.S. ___, 124 S. Ct 2531 (2004), is a significant change of law that applies to his case.
>
> Rule 32.1(f) allows an untimely "notice of post-conviction relief of-right or notice of appeal" to be filed if a defendant shows that the failure to timely file was "without fault on the defendant's part." Defendant's notice is not "of right" because he had his direct appeal to the Arizona Court of Appeals. Defendant is not entitled to any relief under Rule 32.1(f). *See Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998).
>
> Defendant's claim of actual innocence is actually a re-argument of the facts. He is precluded from relief, pursuant to Rule 32.2(a), because any claim concerning the sufficiency of the evidence either was or should have been raised in the direct appeal.
>
> Defendant also is not entitled to any relief under *Blakey*. In *Blakey*, the United States Supreme Court held that pursuant to its decisions in *Apprendi v. New Jersey*, 530 U.S. 446 (2000), *Ring v. Arizona*, 536 U.S. 584 (2002), a defendant is entitled to a jury's determination of any fact that increases the penalty for a crime beyond the prescribed statutory maximum. However, in *Screwier v. Summering*, 542 U.S. ___, 124 S.Ct. 2519 (2004), the Court also held that although *Ring* and *Apprendi* constitute a significant change in the law, this change is procedural, but not a watershed procedural rule, and does not apply retroactively to convictions that are final. The Arizona appellate courts also have declared that *Ring* and *Apprendi* do not apply retroactively to convictions that are final. *State v. Tower*, 204 Ariz. 386, 64 P.3d 828 (2003); *State v. Sepulveda*, 201 Ariz. 158, 37 P.3d 432 (App. 2001), review denied.
>
> A conviction becomes final upon the issuance of the mandate affirming the conviction on direct appeal and the expiration of time for seeking certiorari in the United States Supreme Court. *Towery*, 204 Ariz. at 390. The mandate on direct appeal in defendant's case was issued on September 5, 2001 and the time for seeking certiorari has long passed. His conviction is therefore final and he is not entitled to relief under Rule 32.1(g).

(Doc. #17, Exh C).

**DISCUSSION**

Luke was required to file his federal petition within 1 year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). This time period includes the ninety-day period allowed for seeking certiorari in the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999). However, "the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *See* 2244(d)(2). The trial court dismissed his initial post-conviction petition as untimely, and therefore it was not "properly filed" within the meaning of § 2244(d)(2). *See Pace v. DiGiguglielmo*, 544 U.S. 408 (2005). A review of the Maricopa County Superior Court docket indicates that Luke had *nothing* pending in state court from September 5, 2001, the day the court of appeals issued its mandate, until he filed his petition for post-conviction relief on March 30, 2005. Subtracting the ninety days during which he could have filed a petition for writ of certiorari, his notice of post-conviction relief was filed *two years and three months* past the one-year limitations period. Once the limitations period lapsed, Luke could not "restart" the period by filing a state court action that would have tolled the limitations period, had it been timely filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

In addition, Luke is not entitled to equitable tolling. He has not shown extraordinary circumstances beyond his control which made it impossible for him to timely file his petition. In his reply, Luke requests an evidentiary hearing "if Petitioner is ever going to be able to show by clear and convincing evidence that Petitioner is innocent of the charges and that Petitioner['s] conviction in this case is unconstitutional" (Doc. #18 at 2). The Court is aware that a credible claim of actual innocence will excuse a habeas petitioner's procedural default. *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). However, neither the Supreme Court nor the Ninth Circuit Court of Appeals has decided that such a claim will toll the one-year statute

of limitations. *See Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002). Assuming such an exception exists, Luke has failed to meet his burden of showing that there is "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial" which would prove that he is factually innocent. *Schlup*, 513 U.S. at 324. Finally, equitable tolling would not be available in any event because Luke failed to show that he diligently pursued his rights and that some "extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

**IT IS THEREFORE RECOMMENDED** that Tyerel Darnel Luke's petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 15th day of July, 2008.

David K. Duncan
United States Magistrate Judge

- 5 -