**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyerel Darnel Luke, | No. CV 07-1713-PHX-JAT |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro; et al., | |
| Respondents. | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus (Doc. #1). On July 15, 2008, the Magistrate Judge issued a Report and Recommendation (Doc. #19) (R&R) recommending that this Court deny the Petition because it is barred by the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act. Petitioner filed an "objection" to the R&R, which included a death threat against the undersigned.

**Threats/Recusal**

Pursuant to *United States v. Holland*, 519 F.3d 909 (9th Cir. 2008), when a death threat is made against the judge presiding over the case, the judge must determine both objectively and subjectively whether the judge should recuse off the case. Per *Holland*, the Court must first engage in the objective inquiry and recuse if "a reasonable third-party observer would perceive that there is a 'significant risk' that the judge will be influenced by the threat and resolve the case on a basis other than the merits." *Id.* at 914. *Holland* goes on to say that the judge "must evaluate the threat itself to determine how much risk there is that it may be

1  carried out and how much harm there would be if it were." *Id.* *Holland* then suggests
2  answering the following questions:

      1.  Has the defendant taken concrete steps to carry out the threat?
      2.  Does the defendant have a history of violence or has he been successful in carrying out other threats?
      3.  Is he a member of a gang or does he have contacts who could carry out the threat on his behalf?

*Id.* at 914-15.

First, the threat "death" is serious. Second, based on Petitioner's state court conviction that he now challenges, sexual assault and kidnaping, Petitioner has a history of violence.

However, upon receiving this threat, the undersigned referred it to the U.S. Marshals for investigation. Based on this investigation, the Court does not find recusal to be necessary.[1] *Holland* goes on to suggest answering this next set of questions:

      1.  Was the threat made in a fit of passion or intended as a joke?
      2.  Was the defendant serious in carrying out the threat?
      3.  Does the judge have any prior dealings with the defendant that make the threat more or less likely to be carried out?

*Id.* at 915.

The undersigned has had no prior dealings with this Petitioner. The remaining questions focus on the subjective intent of Petitioner about which the undersigned has no information. Thus, the Court does not find these questions require recusal. *Holland* then suggests answering these final questions regarding the objective standard for recusal (to ascertain the perceived purpose of the threat):

---

[1] Because this Order will be sent to Petitioner, the Court will not detail the findings of this investigation.

1. Was the threat made in open court or did the judge become aware of the threat only through the fortuity of law enforcement investigation?

2. Was the threat an attempt to force recusal and manipulate the judicial system?

*Id.*

Again based on the Marshals' investigation, the Court does not find recusal to be necessary.

Next, the undersigned must apply the subjective test found in 28 U.S.C. § 455(b), to determine whether I can be "truly impartial" when trying the case. *Holland*, 519 F.3d at 915. I have considered my obligations under § 455(b) and I do not find recusal to be necessary. Thus, having considered both the objective and subjective standard, I will not sua sponte recuse in this case.

**Habeas Petition**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

In this case, Petitioner has stated, "I object to all the report by David K. Duncan... ." Objections at 1. Without deciding whether a general objection of this nature qualifies for de novo review, the Court will give Petitioner the benefit of the doubt and review the Petition de novo.

The R&R concludes that the Petition in this case is barred by the statute of limitations. Having considered the statute of limitations issue de novo, the Court agrees with the conclusion of the R&R that the Petition is time barred. Specifically, Petitioner had nothing pending in state court that would statutorily toll his statute of limitations between December 2001 and March 2005. R&R at 4. Accordingly, Petitioner's statute of limitations expired in December 2002. *Id.* Further, the R&R correctly recites that the 2005 filing cannot revive the expired statute of limitations. *Id.* Therefore, the Petition in this case, which was filed on September 5, 2007, is untimely.

Finally, the Court agrees with the R&R that Petitioner is not entitled to equitable tolling. R&R at 4-5. Nothing in the objections changes this conclusion.

Therefore,

IT IS ORDERED that the R&R (Doc. #19) is accepted and adopted, the objections (Doc. #20) are overruled, the Petition (Doc. #1) is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

DATED this 7th day of October, 2008.

_____
James A. Teilborg
United States District Judge