**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyerel Darnel Luke, | No. CV-07-01713-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Dora B Schriro, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Motion for Rule 60 Relief from a Judgment or Order, Motion for Appointment of an Attorney, and Motion for Appointment of a Mental Health Doctor ("Motion"). (Doc. 25). Respondent did not respond to the Motion.

Petitioner seeks relief under Rule 60(b)(6). (*Id.* at 2). He appears to argue that he received ineffective assistance of counsel. (*Id.*) This is so, he alleges, because his trial attorney failed to obtain a medical professional to determine his mind set at the time of the offense, failed to tell Petitioner that he could have had such a determination, and did not examine Petitioner's history of mental illness. (*Id.*) Petitioner points to the subsequent change in substantive law brought about by *Martinez v. Ryan*, 566 U.S. 1 (2012), as a "reason justifying relief" from the Court's previous denial of his petition. (Doc. 25 at 2). He further argues that the Arizona Supreme Court did not realize these facts when it denied his petition for review on November 26, 2017. (*Id.*)

Although claims for relief under Rule 60(b)(6) are not subject to the one-year

statute of limitations imposed by Rule 60(c), they must still "be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). This Court denied Petitioner's previous Petition for Writ of Habeas Corpus in 2008, nearly a decade ago. (Doc. 22). Because of this, the interest in finality strongly weighs in favor of finding the motion untimely. *See Adams v. Hedgpeth*, No. LA CV 11-03852 VBF-FFM, 2016 WL 4035607, at *3 (C.D. Cal. June 8, 2016). Moreover, other courts have faced the precise issue presented by this motion—a Rule 60(b)(6) for relief on the basis of the change in habeas law established in *Martinez*—and found such motions untimely even though those cases involved delays shorter than the delay here. *Moses v. Joyner*, 815 F.3d 163, 166–67 (4th Cir. 2016) (collecting cases holding *Martinez*-based 60(b) motions untimely for delay). For this reason, the Court finds the Motion untimely under Rule 60(c).

Petitioner also fails to show the kind of "extraordinary circumstances" necessary to justify a grant of relief under Rule 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("Such circumstances will rarely occur in the habeas context."). The Supreme Court has made clear that a change in decisional law is not, by itself, an "extraordinary circumstance" sufficient to grant relief under Rule 60(b)(6). *Id.* at 536–38. Furthermore, several circuits have ruled on this precise issue and concluded that the change in the law effected by *Martinez* "falls well short of 'extraordinary.'" *Moses*, 815 F.3d at 168–69 (collecting cases). Additionally, it is not clear that *Martinez* even calls the Court's prior order denying his Petition into question. (Doc. 19). If a subsequent change in decisional law that renders a district court's ruling incorrect is not an "extraordinary circumstance" it follows *a fortiori* that a subsequent change in law that does not render the Court's prior order incorrect is also not an "extraordinary circumstance." *See Gonzalez*, 545 U.S. at 536.

Petitioner also seeks appointment of counsel. "There is no constitutional right to counsel on habeas." *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). As explained above, Petitioner's motion is both untimely and without merit. Therefore, appointment of counsel is denied because Petitioner will not succeed on the merits.

Finally, the Court denies a certificate of appealability to Petitioner for failure to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2) (2012).

Based on the foregoing,

**IT IS ORDERED** that the Motion for Relief and Motion for Appointment of counsel (Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court denies issuance of a certificate of appealability.

Dated this 19th day of April, 2018.

James A. Teilborg
Senior United States District Judge